original

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RECEIVED

JUL 17 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES OF AMERICA, )
)
   Plaintiff, )
)
)
)
)
v. ) Case No. 3:03-CR-00182-JKS-JDR
)
)
)
DANIEL DUANE MIESSNER, )
)
   Movant. )

**MOVANT'S COUNTER-RESPONSE TO GOVERNMENT'S**

**RESPONSE TO MOVANT'S § 2255 INITIAL MOTION SEEKING RELIEF**

    COMES NOW the Movant, Daniel Duane Miessner, filing pro se, his counter-response to the government's response to Movant's initial filing of Movant's § 2255 motion seeking relief from Movant's sentence of ten-years imprisonment.

    Movant's counter-response to Ground One:  Movant's reliance on case law <u>United States v Wilson</u>, 781 F.2d 1438 (9th Cir. 1986), is not fundamentally different as the government claims. Clearly, Movant was convicted and sentenced to 10-years imprisonment to be run concurrently on Counts #1, #3 and #5, which is an illegal sentence because Count #1 and Count #5 happened on the same date, 11-25-03.

Furthermore, Movant's judgment in a criminal case is also defective because of a clerical error. On page 3 of Movant's imprisonment order, it states: "This term consists of 120 months on each of counts 1 and 3 and 5 years on counts 2, 4, 6, and 8, all such terms to be served concurrently." Movant asks the Court, what term of imprisonment was Movant given on count #5?

Movant asserts United States v Wilson, (1986, CA9 Cal) 781 F.2d 1438, which states: (Defendant may properly be charged and tried on separate counts for each step of attempt to manufacture controlled substance, but may be convicted and sentenced for only one).

Movant argues that United States v Wilson does qualify to be applied to Movant's case. The government argues that Wilson should not be applied. On page 9 of the government's response, the government argues that all of Wilson's attempts to manufacture occurred in a single criminal undertaking, then goes on to argue that Movant's attempts to manufacture were not a single episode or criminal undertaking such as Wilson's.

Movant argues that according to Movant's judgment in a criminal case, the dates reflect count #1 offense ended on 11-25-03 and count #5 also ended on 11-25-03. According to Movant's judgment in a criminal case, counts #1 and #5 were a single criminal undertaking.

As for count #3 in which Movant was also given 10 years, which ran concurrent with counts #1 and 5, Movant argues that counts #1 and #3 have the same elements of the offense 841(b)(1)(A), and that according to United States v Wilson, Movant's sentence is an illegal and unconstitutional conviction and sentence.

Wherefore, Movant prays for relief on the aforementioned grounds.

Movant's counter-response to Ground Two of government's response to Defendant's § 2255 motion to vacate an illegal sentence:

The government argues that "there is no personal-use allowance for methamphetamine" and that there is "no legal authority to support such a claim" and that Movant pled guilty to all the counts with which he was charged, admitting that he did those crimes.

Movant's counter-response is: Yes, Movant did admit to all counts with which Movant was charged, but did so on the advice he received from his counsel, Mary C. Geddes. Movant argued with Ms. Geddes that he had not distributed methamphetamine to Movant's co-defendant, that the methamphetamine with which Movant and Movant's co-defendant were arrested was intended for their personal use. Ms. Geddes told Movant to simply admit to all counts of Movant's indictment and that the Judge "would go easy on him." Hence, Movant pled guilty to all counts of his indictment.

In Movant's counter-response to the government's claim that there is no personal-use allowance for methamphetamine, Movant calls upon page 382 of 21 U.S.C.S. § 841, n 148, <u>United States v Vizcarra-Martinez</u>, (1995, CA9 Cal) 66 F.3d 1006, which states: (district court erred in admitting evidence that defendant was in possession of small, personal-use amount of methamphetamine when arrested).

Movant had made numerous claims to the Court——P.S.I. reporter and Movant's counsel, Ms. Geddes——that Movant manufactured methamphetamine for his personal use, and for the personal use of Movant's

co-defendant. Movant objected to the charge of possession of methamphetamine with intent to distribute to no avail from either his counsel, courts, or the probation officer who was responsible for preparing Movant's pre-sentence report and recommendation.

If Movant's counsel, Ms. Geddes, would have informed Movant of case law U.S. v Vizcarra-Martinez, Movant would not have pled guilty to count #5 of his indictment.

Furthermore, since the district court erred in admitting evidence that defendant was in possession of personal-use amount of methamphetamine when arrested, such action casts doubt on the total amount of actual weight Movant was sentenced under.

Therefore, Movant prays that upon reviewing Movant's arguments and case law cited, this honorable Court will grant Movant relief.

Movant's counter-response to Ground Three and Four of government's response to Movant's § 2255 motion to vacate an illegal sentence: The methamphetamine laboratory capacity calculations were calculated using pristine laboratory conditions. The most ephedrine Movant could pull from pseudoephedrine tablets was half a gram of ephedrine per box of pseudoephedrine tablets. Nowhere in 21 U.S.C.S. § 841 is there case law citing the use of empty boxes of pseudoephedrine tablets to calculate methamphetamine produced at the site of alleged manufacturing of methamphetamine. The only case law is U.S. v Basinger, 60 F.3d 1400 (9th Cir. 1995) in which the calculation was based on two empty one-pound containers of pure ephedrine found at the site, which yielded an estimate of 453 to 680 grams of methamphetamine. Since 2-lbs. of pure ephedrine equals 453 to 680

grams of methamphetamine, Movant argues that the 62 empty boxes of pseudoephedrine, from which Movant pulled half a gram of ephedrine from each box of pseudoephedrine tablets, equals a total of 31 grams of ephedrine making the total less than 50 grams of actual methamphetamine citing the case law of U.S. v Basinger.

Based on the aforementioned grounds, Movant prays for relief by respectfully requesting this honorable Court grant relief by granting Ground Two and not use the personal-use amount of methamphetamine taken from Movant at the time of his arrest against him in calculating the total amount of actual weight of methamphetamine, and instead use the calculations cited in U.S. v Basinger when concluding the calculation of actual weight from the empty ephedrine canisters. Movant was naive in the manufacturing of methamphetamine and could never get the production capacity of 91.15 grams of methamphetamine from the 62 empty boxes of pseudoephedrine tablets found at Movant's residence.

## CONCLUSION

Movant prayfully requests leniency such as was given Movant's co-defendant in calculating Movant's request for relief under § 2255 motion.

Respectfully submitted this 10TH day of July, 2006.

*Daniel D. Miessner*
Daniel Duane Miessner

## Certificate of Service

I, the undersigned, do hereby certify that a true and correct copy of the enclosed <u>Movant's Counter-Response to Government's Response to Movant's § 2255 Initial Motion Seeking Relief</u> was sent on this 10TH day of July, 2006, via United States Mail, first class postage pre-paid, addressed to:

United States Attorney
222 West 7th Ave.
Mail Box 9, Room 253
Anchorage, Alaska  99513

    and

United States District Court
District of Alaska
Clerk of the Court
Federal Building, U.S. Courthouse
222 West 7th Ave.  #4
Anchorage, Alaska  99513-7564

By: *Daniel D. Miessner*
Daniel Duane Miessner
Reg. No. 14876-006
Federal Correctional Institution
P.O. Box 6000
Florence, CO  81226-6000