UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL DUANE MIESSNER,<br><br>　　　　　　Defendant | Case No. 3:03-cr-00182-JKS<br><br>ORDER<br>[Re: Motion at Docket 141] |

　　　　At docket 141 defendant Daniel Duane Miessner ("Meissner) has moved for a stay of the final judgment entered herein on July 7, 2006.[1]  The court will treat the motion as a timely request for a new trial.[2]  In his motion, Meissner requests the court to consider Movant's Counter-Response to Government's Response to Movant's § 2255 Initial Motion Seeking Relief, filed July 17, 2006.[3]  The Court, having considered Miessner's response, finds it to be without substantial merit and the motion is DENIED.

　　　　Miessner argues that he was illegally convicted and sentenced on Counts 1 (conspiracy to manufacture methamphetamine) and 5 (possession of methamphetamine with intent to distribute) citing *United States v. Wilson*.[4]  He makes the same argument with respect to Counts 1 and 3 (attempted manufacture of methamphetamine).  His reliance on *Wilson* is misplaced.  That case simply holds that although a person may be charged with both an attempt and the completed crime, he may not be convicted and sentenced for both.  However, the law in this circuit is clear

---

[1] Docket No. 136.

[2] FED. R. CIV. P. 59.

[3] Docket No. 140.

[4] 781 F.2d 1438 (9th Cir. 1986).

that a person may be convicted and sentenced for both a conspiracy to commit the crime and the crime itself.[5]

Miessner also argues that the amount of methamphetamine he claims was for "personal use" should not have been used to determine the amount of methamphetamine he possessed citing *United States v. Vizcarra-Martinez*.[6] As with *Wilson,* Meissner's reliance on *Vizcarra-Martinez* is also misplaced. In that case, the court held that the possession of the *ingredients for methamphetamine*, which was not illegal for personal use, could not be used to prove that his possession of them was with the knowledge that they were to be used for the manufacture of methamphetamine. Contrary to Meissner's arguments, it did not hold that it was not illegal to possess methamphetamine for "personal use."

Miessner challenges the computation the methamphetamine calculation under count 1 as being in excess of 50 grams. Count 1, to which Meissner pled guilty, charges Miessner with conspiracy to, among other things manufacture 50 grams, or more, of methamphetamine. Not only as the government argues, is it too late to challenge the amount upon which his sentence was based, Miessner's argument is flawed. His argument focuses sole on the amount that could be produced from 62 empty boxes of pseudoephedrine. Miessner conveniently overlooks the otehr precursor chemicals found at the lab site. As with his other cases, Miessner's reliance on *United States v. Bassinger*[7] is misplaced; indeed, it undermines his argument. *Bassinger* approved the use of the method of calculating the amount of methamphetamine capable of being manufactured using the method used by DEA in this case.

Miessner makes a somewhat oblique allusion to ineffective counsel for failure to inform him of the decision in *Vizcarra-Martinez, i.e.*, that he would not have pleaded guilty to Count 5. In addition to the fact that this Court does not normally considered arguments not raised in the original motion, the Court would rule against Miessner on the merits. To demonstrate ineffective assistance of counsel, Miessner must show both that his counsel's performance was

---

[5] *United States v. Inafuku*, 938 F.2d 972, 973–74 (9th Cir. 1991); *United States v. Calabrese*, 825 F.2d 1342, 1346 (9th Cir. 1987).

[6] 66 F.3d 1006 (9th Cir. 1995).

[7] 60 F.3d 1400 (9th Cir. 1995).

deficient and that the deficient performance prejudiced his defense.[8/] A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[9/] Petitioner must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[10/] As noted above, *Vizcarra-Martinez* is inapplicable and is of no benefit to Miessner.  Consequently, counsel's failure to advise him of that case could not have deficient.

Miessner questions the withdrawal of the reference to the magistrate judge.  For reasons of judicial staffing, this court has withdrawn all referrals of 28 U.S.C. § 2255 motions to a magistrate judge.  Miessner also questions the lack of a prison term for his conviction on Count 5 and wonders what term of imprisonment was imposed on that count.  The short answer is none.  While he was not sentenced to a prison term on Count 5, he was sentenced to a 5-year term of supervised release on that count after completion of his prison term."

For the foregoing reasons, Defendant's Motion Requesting a (Stay) of Court's (Order) Which Denied Movant's Peitition for Relief Pursuant to 28 U.S.C. § 2255 is **DENIED**.

Dated at Anchorage, Alaska this 27th day of July, 2006.

                                          s/ James K. Singleton, Jr.
                                          JAMES K. SINGLETON, JR.
                                          United States District Judge

---

[8/] *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

[9/] *Id.*

[10/] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).